IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE COLBERT,

        Plaintiff,                No. CIV S-06-1890 GEB KJM P

    vs.

A. AUDETTE, et al.,

        Defendants.        <u>PRETRIAL ORDER</u>

_____/

        Pursuant to court order the parties have submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

<u>JURISDICTION/VENUE</u>

        Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983.  Venue is proper.  There is no dispute over either jurisdiction or venue.

<u>JURY/NON-JURY</u>

        Defendants have timely requested trial by jury; plaintiff so requested in his pretrial statement.

/////

/////

UNDISPUTED FACTS

1. Plaintiff is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2. At all times relevant to this action, plaintiff was confined at High Desert State Prison (HDSP) in Susanville, California.

3. On July 13, 2005, plaintiff was accused of threatening Correctional Officer J. Cook.

4. Because plaintiff refused to leave his cell after the alleged threat, a cell extraction team was formed to remove plaintiff from his cell.

5. As the cell extraction team approached his cell, plaintiff agreed to submit to handcuffs.

6. Plaintiff was placed in handcuffs and leg irons and escorted to a holding cell in the program office by defendants Audette and Hurlbert. Defendant Wolcott, a correctional sergeant, was involved with the escort.

DISPUTED FACTUAL ISSUES

1. Whether any of the following acts or omissions occurred on July 13, 2005 and whether, if they occurred, they violated plaintiff's Eighth Amendment right to be free of excessive force:

    A. Whether defendant Audette slammed plaintiff's face into the wall after he led plaintiff out of the building;

    B. Whether defendants Audette and Hurlbert stepped on the chain of the leg irons during the escort to the holding cell causing the metal to cut into plaintiff's flesh;

    C. Whether defendant Audette twisted the handcuffs during the escort to the holding cell causing the metal to cut into plaintiff's flesh;

    D. Whether defendant Audette hit the back of plaintiff's head with his fist, causing plaintiff's head to bounce off the wall of the program office; and

1               E. Whether defendant Wolcott permitted defendants Audette and
2 Hurlbert to use excessive force against plaintiff during the escort to the holding cell and in the
3 program office.
4     2. Whether plaintiff suffered any injuries as the result of being escorted from his cell to
5 the holding cell on July 13, 2005.

6 DISPUTED EVIDENTIARY ISSUES
7        The admissibility of the following evidence will be disputed at trial:
8     1. Evidence of plaintiff's commitment offense or his disciplinary record in prison
9 prior to July 13, 2005.
10     2. Plaintiff's staff complaint filed against defendant Wolcott, filed on July 5,
11 2005.
12     3. Plaintiff's use of force video against defendant Hurlbert from January 2005.

13 SPECIAL FACTUAL INFORMATION
14     None applicable.

15 RELIEF SOUGHT
16     In the complaint, plaintiff seeks compensatory and punitive damages of $25,000
17 per defendant.[1]

18     POINTS OF LAW
19     The parties shall brief the elements, standards and burden of proof of the claims
20 herein presented by plaintiff under the applicable constitutional amendment, statutes and
21 regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of
22 trial in accordance with Local Rule 16-285.
23 /////
24

---

25     [1] In his pretrial statement, plaintiff requests compensatory damages of $50,000 per
defendant and $25,000 punitive damages per defendant. He has not explained why he did not
26 seek to amend his complaint with these amounts.

3

ABANDONED ISSUES

No issues have been abandoned.  Defendants reassert the affirmative defenses in their answer to the complaint.

WITNESSES

Plaintiff anticipates calling, either in person or by deposition:

None listed.

Defendants anticipate calling, either in person or by deposition:

1. Plaintiff George Colbert

2. Defendant A. Audette

3. Defendant B. Hurlbert

4. Defendant L. Wolcott

5. MTA F. Bates

6. Sgt. J. McClellan

7. C/O J. Cook

8. C/O D. Kelsey

9. C/O J. Leone

10. C/O Murphy

11. C/O S. Cole

12. C/O K. Guillon

13. M. Buhay

14. MTA J. Watkins

15. Dr. Dahl

16. Dr. Nangalama

Each party may call any witnesses designated by the other.

/////

/////

      A.     No other witness will be permitted to testify unless:

          (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

          (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

      B.     Upon the post pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

          (1) The witnesses could not reasonably have been discovered prior to pretrial;

          (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

          (3) If time permitted, the party proffered the witnesses for deposition; and

          (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

<u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

Plaintiff anticipates offering:

1. A video tape showing defendants beating plaintiff.

2. X-ray reports of injuries to plaintiff's left hand.

3. Medical records from an outside specialist.

4. Information showing injuries to plaintiff's ankles.

Defendants anticipate offering:

A.  Abstract of Judgment dated May 8, 1996.

B.  Declaration of Connie Perez dated January 9, 2002.

C. Photographs of relevant cell, yard and program office areas of D Facility at HDSP.

D. Diagram of D Facility at HDSP.

E. Plaintiff's complete medical records and file, including but not limited to:

    1. Health Care Services Request Form dated 7/14/05;

    2. Interdisciplinary Progress Notes (2) dated 7/13/05; and

    3. Medical Report of Injury or Unusual Occurrence dated 7/13/05.

F. Classification Chrono dated 6/8/04.

G. Classification Chrono dated 7/22/04.

H. Classification Chrono dated 10/7/04.

I. Administrative Segregation Unit Placement Notice dated 2/28/05.

J. Classification Chrono dated 3/3/05.

K. Classification Chrono dated 5/12/05.

L. Administrative Segregation Unit Placement Notice dated 7/14/05.

M. Classification Chrono dated 7/21/05.

N. Classification Chrono dated 10/13/05.

O. Administrative Segregation Unit Placement Notice dated 1/31/06.

P. IVA SHU-ICC Form CDC 128G dated 2/1/06 (2 pages).

Q. Rules Violation Report History.

R. Rules Violation Report FD-04-07-0018 with supplements.

S. Rules Violation Report FD-05-0012 with supplements.

T. Rules Violation Report FD-05-07-0005 with supplements.

U. Rules Violation Report FD 05-07-0007 with supplements.

V. Rules Violation Report FD-07-009 with supplements.

W. Rules Violation Report FD-05-07-0014 with supplements.

/////

X.  Crime/Incident Report FD1-05-07-0251 with attachments, including Medical Report of Injury, Holding Cell Log, and Administrative Segregation Unit Placement Notice.

Y.  Rules Violation Report ASU-05-08-011 with supplements.

The parties shall exchange copies of their exhibits by mail thirty days before trial.

Each party will file any objections to exhibits ten days before trial.  Each exhibit not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to mark exhibits; defendant will use letters.

A.  No other exhibits will be permitted to be introduced unless:

    1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

    1.  The exhibits could not reasonably have been discovered earlier;

    2.  The court and the opposing party were promptly informed of their existence; and

    3.  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

/////

1  The parties are directed to bring an original and one copy of each exhibit to trial.  The original
2  exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during
3  trial.

4  DISCOVERY DOCUMENTS
5  Defendants anticipate the use of plaintiff's deposition transcript dated October 4,
6  2007.

7  FURTHER DISCOVERY OR MOTIONS
8  Discovery closed on October 5, 2007.
9  Motions in limine must be filed seven days prior to the trial.

10 STIPULATIONS
11 At this time the parties have reached no stipulations.

12 AMENDMENTS/DISMISSALS
13 None.

14 SETTLEMENT NEGOTIATIONS
15 It appears that a settlement conference is not warranted in this case.

16 AGREED STATEMENTS
17 None.  Defendants will submit a Statement of the Case for the court's use prior to
18 trial.

19 SEPARATE TRIAL OF ISSUES
20 Defendants seeks bifurcation on the issue of punitive damages.

21 IMPARTIAL EXPERTS/LIMITATION OF EXPERTS
22 Plaintiff seeks the appointment of impartial experts.  Defendants anticipate calling
23 Dr. Nangalama as a medical expert.

24 ATTORNEYS' FEES
25 Defendants do not seek attorneys' fees.
26 /////

1 TRIAL CONFIRMATION HEARING

2    None has been set.

3 ESTIMATED TIME OF TRIAL/TRIAL DATE

4    Jury trial is set for at 9:00 a.m. on May 20, 2008, in Courtroom Ten before the
5 Honorable Garland E. Burrell.  Trial is anticipated to last two to three days.

6 PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

7    The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for
8 procedures and time limits regarding proposed voir dire and proposed jury instructions,
9 respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed
10 voir dire and proposed jury instructions, if any, not later than fourteen days before the date set
11 for trial.

12 MISCELLANEOUS

13    Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant
14 to the writ of habeas corpus ad testificandum to be issued.  All parties shall take any steps
15 necessary to facilitate execution of said writ.  The parties and plaintiff's custodian are cautioned
16 that sanctions will be imposed for failure to comply with court orders.

17    Counsel are directed to Local Rule 16-285 regarding the contents and the deadline
18 for filing trial briefs.

19 OBJECTIONS TO PRETRIAL ORDER

20    Each party is granted fifteen days from the date of this order to file objections to
21 same.  If no objections are filed, the order will become final without further order of this court.

22 DATED: April 7, 2008.

23                                                    _____
                                                     U.S. MAGISTRATE JUDGE
24 2/colb1890.pto

25

26